IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-03433-RPM

MARISSA DIPAOLA, an individual,

Plaintiff,

v.

HOLOGIC, INC., a Delaware Corporation,

Defendant.

_____

**PROTECTIVE ORDER**
_____

THIS MATTER comes before the Court on the STIPULATED MOTION FOR PROTECTIVE ORDER REGARDING DISCLOSURE OF "CONFIDENTIAL INFORMATION".  The Court, being fully advised, HEREBY ORDERS that the Stipulated Motion is GRANTED.  Confidential Information (as defined below) produced in the course of this litigation will be subject to the following terms:

1. **Scope of Order:  Documents Covered.**  "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, designated as such by Plaintiff or Defendant.  Any party may designate such information as "Confidential Information" that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

2. **Designation Of "Confidential Information".**  Information may be designated as "Confidential Information" in the following manner:

    a.    By imprinting or affixing a label with the word "Confidential" or "CONFID" on the first page or cover of any document; or

    b.    By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission; or

    c.    With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as confidential within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

    d.    With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty days after the testimony is given; or

    e.    With respect to transcribed testimony, by designating such portions as confidential on the record at the time such testimony is given or by designating such portions as confidential no later than thirty days following receipt of the transcribed testimony.

3. **Objections to Designations.** If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection on the record during a deposition or in writing within fifteen days of its receipt of the designated information. The parties will attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court within twenty days after the notice of the objection is given by the objecting party. In any such dispute, the designating party will at all times bear the burden of proving the information designated as "Confidential Information" meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Protective Order.

4. **Limitations on Disclosure of "Confidential Information".** All information disclosed by Plaintiff or Defendant designated as "Confidential Information" will be subject to the following restrictions:

    a. The information will not be communicated or disclosed in any manner, either directly or indirectly, to persons not directly related to this litigation; and,

      b.    Individuals reviewing "Confidential Information" pursuant to this Protective Order will be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.  Individuals advised as to the confidential nature of such information must agree to be bound by this provision before the information will be disclosed to them.

      c.    Nothing to the contrary withstanding, this Protective Order shall in no manner interfere with the parties' obligations under D.C.COLO.LCivR 7.2,and any party filing material containing "Confidential Information" shall file the material under Level 1 restriction pending the resolution of any dispute regarding the confidentiality of the material.  .

    5.    **Parties' Own Documents**.  The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information," and not so designated by the opposing side, to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes.  This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

    6.    **Submission of "Confidential Information" to the Court**.  With regard to any pleading, brief, or other document filed with the Court that specifically discusses the

contents of, quotes from, or incorporates specific information from any "Confidential Information", the parties shall comply with D.C.COLO.LCivR 7.2, and seek Level 1 restriction pending the resolution of any disputes.

7. **Copies of "Confidential Information".** Counsel for the parties and the parties themselves understand the confidential nature of "Confidential Information", and agree to limit their copying of "Confidential Information" to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of "Confidential Information", and documents prepared by an expert that incorporate or reveal "Confidential Information", will be subject to the same treatment under this Order as the original "Confidential Information".

8. **No Position as to Admissibility**. By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

9. **Resolution of Action**. At the conclusion of this case, unless other arrangements are agreed upon, all confidential information shall be destroyed and/or archived according to the normal business practices of the respective recipient party's legal counsel.

10.     **Continuing Jurisdiction.**  The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

11.     **Modification**.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

This Protective Order is approved by and entered as an order of the Court.

DATED this 24th  day of March, 2014.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge